IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **BARRY FERGUSON,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | **Civil Action No. 5:09-0300** |
| ) | |
| **D. BERKEBILE, Warden,** ) | |
| ) | |
| **Respondent.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

On March 25, 2009, Petitioner, acting *pro se*, filed an Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody.[1] (Document No. 2.) In his Petition, Petitioner challenges the validity of his conviction as imposed by the Western District of Tennessee.[2] (Id., p. 7.) As grounds for *habeas* relief, Petitioner alleges as follows:

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] On August 7, 2006, Petitioner pled guilty in the United States District Court for the Western District of Tennessee to one count of possession of more than five grams of cocaine base with the intent to distribute, in violation of 21 U.S.C. § 841(a) (Count 2). *United States v. Ferguson*, Case No. 2:04-cr-020289 (W.D.Tn. Nov. 6, 2006), Document Nos. 101 and 102. On November 6, 2006, the District Court sentenced Petitioner to a 63-month term of imprisonment to be followed by a four year term of supervised release. *Id.*, Document Nos. 108, 111, 112. Petitioner filed his Notice of Appeal on November 13, 2006. *Id.*, Document No. 113. The Sixth Circuit affirmed Petitioner's conviction on October 26, 2007. *United States v. Ferguson*, 252 Fed.Appx. 714 (6th Cir. 2007). On May 6, 2008, Petitioner filed a Motion for Retroactive Application of the Sentencing Guidelines regarding his Crack Cocaine Offense. *Ferguson*, Case No. 2:04-cr-020289, Document No. 122. By "Consent Order Reducing Sentence" entered on September 22, 2008, the District Court reduced Petitioner's term of imprisonment to 60 months. *Id.*, Document No. 28.
  On December 31, 2007, Petitioner filed in the Western District of Tennessee a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. *Ferguson v. United States*, Case No. 2:07-cv-02858 (W.D.Tn. Jan. 25, 2008), Document No. 1. Petitioner asserted the following grounds for *habeas* relief: (1) Ineffective assistance of counsel; (2) Admission of hearsay evidence in connection with the issuance of the search warrant violated the Confrontation

1. Ineffective Assistance of Counsel. Both Mr. Brown and Mr. Ganguli failed to investigate the case. Mr. Ganguli failed to object to the admission of hearsay information at the suppression hearing. Mr. McAfee failed to raise the confrontation and Franks issue on appeal.

2. Confrontation Clause Violation. The court allowed hearsay allegations, which I had no opportunity to cross-examine, to determine probable cause.

3. Lack of Probable Cause. The information the affiant claims to have corroborated the alleged tip was non-suspicious and could easily have been obtained by anyone.

4. Misrepresentation of the Affidavit. The affiant states that the corroborated information from an informant, but the prosecutor's statement would refute the presence of an informant. Affiant's testimony about the surveillance, which was omitted from the affidavit, cast more doubt on the truthfulness of the affidavit.

(Id., p. 7.) Therefore, Petitioner contends that he is entitled to *habeas* relief.

**ANALYSIS**

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds

---

Clause; (3) The search warrant affiant misrepresented the affidavit by making false statements and omitting information; and (4) There was a lack of probable cause for the issuance of a warrant. *Id.* By Order entered on January 25, 2008, the District Court denied Petitioner's Section 2255 Motion. *Id.*, Document Nos. 2 and 3. Petitioner filed a Notice of Appeal on February 4, 2008. *Id.*, Document No. 4. The Sixth Circuit denied Petitioner's certificate of appealability on October 17, 2008. *Id.*, Document No. 6.

her in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody[3] and the absence of collateral consequences, and therefore, his Section 2241 Application must be dismissed.[4] See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

### **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that

---

[3] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on December 30, 2009.

[4] The undersigned further notes that Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. Petitioner does not allege an intervening change in law that establishes his actual innocence. Additionally, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Therefore, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Application and his Section 2241 Petition should be dismissed.

the District Court **DENY** Petitioner's Application to Proceed *in Forma Pauperis* (Document No. 1.), **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 2.) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: February 1, 2012.

*R. Clarke VanDervort*
R. Clarke VanDervort
United States Magistrate Judge